**Ronnie Lance NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 176–83, 177–83.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1983.

George R. Milner, Ronald L. Goranson, Dallas, for appellant.

Gene Knize, County Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offenses of aggravated robbery and murder. Both offenses were tried together, and the jury

---

assessed punishment at life imprisonment for the aggravated robbery offense under the habitual criminal statute, V.T.C.A. Penal Code Sec. 12.42(d), and at ninety-nine years imprisonment for the murder offense. The Tenth Court of Appeals at Waco affirmed both convictions. The appellant in his petitions [1] for discretionary review argues that the Court of Appeals was in error and that his convictions should be reversed because the trial court, by rebuking a venire person for his religious beliefs during voir dire examination, created error so prejudicial and harmful to the appellant that he did not receive a fair trial. We disagree and affirm the decision of the Court of Appeals.

The record shows that during voir dire examination the following exchange occurred:

"[PROSECUTOR]: And if you're chosen foreman of that twelve then you will be signing the guilty or not guilty. Is there anyone here who could not do that?

"A JUROR: I am a minister.

"[PROSECUTOR]: Okay. Do you want to approach the bench?

(Whereupon, a discussion was held at the bench *out of the hearing of the rest of the jury panel.*) [2]

"THE COURT: What's his name?

"THE JUROR: L.C. Curry.

"THE COURT: What is your problem, Reverend Curry?

"MR. CURRY: Well, I couldn't judge according to the Bible.

"THE COURT: You couldn't judge anybody? I don't know what we'd do in our society if you people that can't judge—We might just have to turn every murderer loose, get him a gun and go shoot somebody else. We couldn't ever try him. What would you do in a situation like that, Reverend?

"MR. CURRY: Well,—

"THE COURT: He might come shoot you next.

"MR. CURRY: Well, one reason the Bible says judge not or you'll be judged and if you're judging a person and he didn't do it—

"THE COURT: All killers would be mowing everybody down. Nobody would be in the penitentiary.

"MR. CURRY: There would be somebody else to do it. The Lord always sends—

"THE COURT: Yes, he sends a responsible citizen. I excuse you.

"[PROSECUTOR]: Challenge, for the record.

(Whereupon, the following proceedings took place *within the hearing of the entire jury panel.*)

"THE COURT: Anybody else feel lead by the Lord not to judge anybody, can't try people for the offense of murder and turn them loose on the streets and let them start mowing everybody else down? Does anybody else feel like the Lord so lead you to do that?"

The prosecutor then proceeded to question the jury panel. The court took a fifteen minute recess and the following colloquy occurred in the trial judge's chambers:

"[DEFENSE COUNSEL]: I would like to make a motion, Judge, in these two cause numbers—State versus Ronnie Lance Nelson. Defense at this time during the voir dire examination of the State moves the Court to instruct the jury panel that the Court's comment in response to the question raised by Reverend Curry—the Court's comment that quote he may come after you next with a gun were not specifically regarding the Defendant in this case but were comments made to indicate the Court's attitude about the duty of citizens to serve on the jury and to obey the law of the State of Texas and of the United States in connection with criminal cases.

1. Appellant has filed two petitions for discretionary review from a single opinion by the Court of Appeals. We granted review on appellant's issue No. 1 only, which was common to both petitions.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

"THE COURT: Did I say he might—

"[DEFENSE COUNSEL]: I believe you did, Judge. And I know the Court did not mean any particular person. But it may have been construed by some of the jurors to mean that and I think it's pretty vital that either the Court give some kind of instruction at this time, or in the alternative, we move for a mistrial and ask that an entire new jury panel be called in—start over on this.

"THE COURT: Okay. I will do that.

"[DEFENSE COUNSEL]: Thank you, Judge."

The trial court then gave the jury the following instruction:

"THE COURT: Ladies and gentlemen of the jury panel. On this religious scruples business I don't want to forego any of you that have any religious scruples from serving on a jury from exercising your religious principles and also I am talking about the entire criminal justice system when I'm talking about excusing people that can't serve because of religious principles.

"We have to have jurors that are qualified impartially and fairly to try cases. And any comment made about couldn't try them—that he might come after you with a gun—doesn't have any application to this case but applies generally to the criminal justice system. And we have to have jurors qualified to serve on the jury or else the criminal justice system will break down. And that includes jurors if they think the evidence once a man is found guilty beyond a reasonable doubt find him guilty or if they think the evidence is insufficient under the law to find a person guilty that they can find a person *innocent.*"

As the foregoing reflects, no objection was raised by defense counsel at the time

the trial judge made any of the comments [3] now complained of by appellant. The prosecutor continued his voir dire examination after the judge's last comment, and the court recessed to chambers before defense counsel voiced his objection. Absent a timely objection, error was waived. *Marini v. State,* 593 S.W.2d 709 (Tex.Cr.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978). Moreover, we note that the objection once made, was phrased so as to request a clarifying instruction to the jury or in the alternative to request the court to declare a mistrial. The requested instruction was given by the court, to which defense counsel made no objection. It is well established that a jury instruction by the judge to disregard any comment made by him is generally sufficient to cure error. *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr. App.1977). Regardless of the sufficiency of the instruction, the effectiveness of which is questionable, no objection was made to such instruction, and defense counsel failed to seek further relief by requesting a mistrial. No error is preserved. *Reese v. State,* 531 S.W.2d 638 (Tex.Cr.App.1976); *Hopkins v. State,* 480 S.W.2d 212 (Tex.Cr.App.1972).

The decision of the court of appeals is affirmed.

TEAGUE, Judge, concurring.

I agree with the result the majority opinion reaches. However, I find that I must write because of what happened in this cause. I acknowledge that what the trial judge stated to Reverend L.C. Curry might have been said without any evil or wrongful intent.

Unfortunately, however, what happened here appears to be a recurring event throughout this State. The remarks the trial judge in this cause made to Reverend·

---

**3.** We pause to observe that we are confident that the trial judge in the instant case will pay strict attention in the future to the mandatory admonition contained in Art. 38.05, V.A.C.C.P., viz:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not

it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case. The requirement that the jury's verdict be based on evidence received in open court and not be induced by *any* outside influence is a rule of law to which this court strictly and vigorously adheres.

Curry reflect unfavorably upon the jury selection and our judicial system. They cannot be condoned. They could have caused a reversal of the appellant's conviction, even if the trial had been an errorless one.

As to what happened in this instance, which involved Reverend Curry, I adopt in toto what Chief Justice Nye of the Corpus Christi Court of Appeals stated in *Price v. State,* 626 S.W.2d 833 (Tex.Cr.App.—Corpus Christi 1981).

The religious beliefs of the citizens of the State of Texas, whatever they might be, are far too important to be subjected to mockery, derision, ridicule, or criticism by any member of the trial judiciary of this State. I, for one, believe that the judiciary of this State owes Reverend Curry an apology. Because I cannot speak for the entire judiciary of the State of Texas, I cannot extend that apology. However, as a member of that body, I personally apologize to Reverend Curry for what he was subjected to in this cause. I pray that this is the last time I will ever read in an appellate record, or elsewhere, where a citizen of this State has been castigated by a member of the trial judiciary of this State because of his religious beliefs. If what happened in this cause happens again, and a conviction results and is appealed to this Court, I will be the first to vote for a reversal of that conviction, solely for that reason and no other.