Baria v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-045-CR

     TEDDY RAY BARIA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 88-152-C
                                                                                                    

O P I N I O N
                                                                                                    

      Teddy Baria was convicted by a jury of aggravated sexual assault of C.L., his ten-year-old
stepdaughter, and assessed punishment of thirty-five years imprisonment. See Tex. Penal Code
Ann. § 22.021 (Vernon 1989). He appeals on four points, alleging that the court erred in
allowing evidence that his wife's parental rights had been terminated, in reversing its ruling on
an objection, and in admitting statements made by the victim to a Department of Human Services
(DHS) caseworker. Baria also alleges that the conduct of the prosecution during the guilt-innocence phase denied him a fair and impartial trial. We will overrule the points and affirm the
judgment.
      During opening argument, the State informed the jury that, following the discovery of the
sexual abuse, the victim had been removed from her home by the Department of Human Services
(DHS). The prosecutor stated that the parental rights of the victim's mother, Christine Baria, had
subsequently been terminated. Defense counsel objected that evidence of the termination was
irrelevant. The court sustained the objection but denied his motion for a mistrial. On direct
examination of C.L., the prosecutor asked, "Do you know if your mother is still your mother?" 
Defense counsel's irrelevancy objection was overruled. C.L. responded, "Well, to this date, she's
not my mother, but in a way, she's still my mother." Rita Cone, a DHS caseworker, testified
without objection that DHS has permanent custody of the girl because the mother's parental rights
had been terminated in September 1989. Finally, the State questioned Christine Baria on the
termination of her parental rights. Defense counsel's relevancy objections were overruled. 
      In his first point, Baria complains that the court erred in allowing evidence that the parental
rights of his wife had been terminated because it is irrelevant, did not tend to "solve some disputed
issue", and denied him due process of law and a fair trial. 
      To preserve a complaint for appellate review, a party must present to the trial court a specific,
timely objection and obtain a ruling on that objection. Tex. R. App. P. 52(a). Defense counsel
must object every time allegedly inadmissible evidence is offered; any error in the admission of
evidence is cured when the same evidence comes in elsewhere without objection. Hudson v. State,
675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Rita Cone testified without objection that
Christine Baria's parental rights had been terminated. Because Baria failed to object, any error
in elsewhere admitting evidence of the termination was cured. See id. We overrule point one.
      In his second point, Baria complains that the court reversed its ruling on an objection, thereby
commenting on the weight of the evidence and denying him a fair trial. On direct examination,
Rita Cone began testifying about the sexual activity of sexually abused children. Baria objected
that she did not have sufficient expertise and that the question called for an expert opinion. The
court sustained the objection.
      On cross-examination, Cone testified that she had investigated fifty to one-hundred similar
cases in her career. After defense counsel passed the witness, the court reversed its ruling on the
question of sexual activity of abused children. Without objection, Cone testified that it is common
for a girl who has been sexually abused to relate to other men and boys in a sexual manner. In
the absence of an objection, the complaint is not preserved for review. See Tex. R. App. P.
52(a). We overrule point two.
      Baria complains in his third point that the court erred in allowing Rita Cone to testify about
statements made by the victim because Cone was not the first person to whom the victim spoke
about the offense.
      Article 38.072 of the Code of Criminal Procedure provides a hearsay exception in child-abuse
cases. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 1992). The first person,
eighteen years or older, to whom an abused child makes a "statement about the offense" may
testify as an "outcry" witness. Id. The Court of Criminal Appeals has interpreted article 38.072
to mean that the outcry witness "must be the first person, 18 years old or older, to whom the child
makes a statement that in some discernible manner describes the alleged offense." Garcia v. State,
792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The child's statement "must be more than words
which give a general allusion that something in the area of child abuse is going on." Id. To be
designated as an outcry witness, it "must be clearly shown by the evidence that the victim
described the offense to that witness." Id. 
      Ray Casarez, an officer with the Waco Police Department, responded to a call to the Baria
home. Teddy and Christine Baria testified that they called the police because they suspected C.L.
of having sexual relations with neighborhood boys. Casarez took C.L. to the police station to
interview her. While he was talking with C.L., Baria repeatedly knocked on the door, wanting
to sit in on the interview. Casarez became suspicious when Baria told him that he was "getting
the wrong idea" and was "accusing the wrong person." Casarez confronted C.L., asking her
whether she was lying about the neighborhood boys to protect her stepfather. According to
Casarez, the girl "went berserk," jumping out of her chair, screaming, and throwing herself
against a wall. Casarez tried to calm the girl and requested that a DHS caseworker be sent over
immediately.
      The prosecution designated Rita Cone as the outcry witness. Baria objected that the first
outcry was actually made to Casarez. The court held a hearing outside the presence of the jury. 
The victim testified that Casarez asked her, "It was [Baria], right?" She became hysterical, hitting
the wall saying, "Why me?" After she calmed down, he asked her again, "Was it [Baria]?," to
which she responded "yes." The girl testified that they waited for the caseworker to arrive and
that she did not tell Casarez any details of the assaults. Casarez remained in the room while Cone
questioned the girl. The court determined that Cone was the first person over the age of eighteen
to whom the victim made a statement about the offense.
      A court's findings will be upheld when they are supported by the evidence, and a court has
broad discretion in determining the admissibility of such evidence. Id. at 92. This exercise of
discretion will not be disturbed unless a clear abuse of discretion is established by the record. Id. 
The court did not abuse its discretion in determining that Cone was the first person to whom the
victim made a "statement about the offense." See id. at 91-92. We overrule point three.
      In his final point, Baria asserts that the entire conduct of the prosecution during the guilt-innocence phase of the trial was manifestly improper and deprived him of a fair and impartial trial. 
Baria cites no specific instances, but asserts that there were many improper questions. He
concedes that most of the conduct was not objected to. Baria asserts that, although most of the
alleged conduct would not be error standing alone, its cumulative effect denied him a fair and
impartial trial.
      As we have set forth in the prior points, to preserve a complaint for appellate review, a party
must present to the trial court a timely request, objection, or motion and obtain a ruling. See Tex.
R. App. P. 52(a). However, we have reviewed the entire record and do not find that the conduct
of the prosecution was obviously harmful to Baria or was clearly calculated to inflame the minds
of the jurors. See Rogers v. State, 725 S.W.2d 350 (Tex. App.—Houston [1st Dist.] 1987, no
pet.). We overrule point four and affirm the judgment.
                                                                                 BILL VANCE
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 17, 1992
Do not publish 



>      Robinson saw Appellant driving both trucks. The VIN numbers registered to the stolen trucks
were found in the warehouse rented in Appellant's common-law wife's name, and Robinson had
never seen anyone there except Appellant and a woman. Officer Gentry testified no one had
access to the warehouse except Appellant and Carole Young. Finally, William Rice bought one
of the stolen trucks from Appellant. The truck turned out to be one of the stolen trucks according
to the VIN numbers on the engine, frame, and transmission. We overrule Appellant's first point
of error.
      Appellant's fourth point of error asserts the evidence is factually insufficient to show that
Appellant appropriated complainant's property.
      Our intermediate courts are divided about whether we have a duty to review the factual
sufficiency of the evidence to support the elements of an offense upon which the State bears the
burden of proof beyond a reasonable doubt. Compare Crouch v. State, 858 S.W.2d 599, 601
(Tex. App.—Fort Worth 1993, pet. ref'd) (no factual sufficiency review in criminal cases) with
Wells v. State, 880 S.W.2d 185, 188 (Tex. App.—Texarkana 1994, no pet.) ("the courts of
appeals have the power and duty to review the factual sufficiency of the evidence relative to the
proof of the elements of an offense"). Assuming, without deciding, that we are required to
conduct such a review of all the evidence to determine if the jury's verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust, we have carefully
reviewed the evidence and find that it is factually sufficient to support the jury's finding that
Appellant appropriated the complainant's property and thereby committed the offense of theft as
charged. See Stone v. State, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely
filed). Appellant's fourth point is overruled.
      By Appellant's second point of error he contends there was a fatal variance in the proof
submitted by the State and the allegation in the indictment that his conviction in F-78-4109-NP was
a final conviction.
      Appellant contends that the prior theft conviction alleged as an enhancing paragraph was not
a final conviction, thereby creating a fatal variance in the State's proof in the punishment hearing. 
He claims that the pen pack in Exhibit 27 shows the case was on appeal when the trial court
allowed Appellant to withdraw the appeal and the conviction was affirmed. Exhibits 27-29
(penitentiary packs) were offered in evidence by the State without objection from Appellant.
      The general rule is a defendant may not assert error pertaining to the sentence or judgment
when he failed to object or otherwise raise such error in the trial court. Mercado v. State, 718
S.W.2d 291 at 296 (Tex. Crim. App. 1986). If a conviction relied on for enhancement is urged
not to be final, it is a matter of defense and subject to proof, and where the Appellant did not
testify or offer any evidence attacking the finality of the conviction, as in the case at bar, it is
waived. Scott v. State, 553 S.W.2d 361, 363 (Tex. Crim. App. 1977); Williams v. State, 596
S.W.2d 862, 865 (Tex. Crim. App. 1980); Tex. R. App. P. 52(a). We overrule Appellant's
second point of error.
      Appellant's third point of error argues that the trial court's comment to the effect that the
Appellant could appeal violated the prohibition of the Eighth Amendment to the Constitution and
constitutes fundamental error. The Eighth Amendment to the U.S. Constitution provides: 
"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishments inflicted."
      When Appellant's attorney had Mr. Robinson on cross-examination, he expressed some
displeasure with Mr. Robinson, whereupon the following took place:
      Q.  Mr. Robinson, what about - again, we don't want you to play the role of an
advocate in the case, we just want you to give answers to the questions.
                  [PROSECUTOR]: Judge, excuse me, can you instruct [defense counsel]
that he's not the judge in this Court?
                  [DEFENSE COUNSEL]: Well, he seems to have taken a position, Judge,
in every question that I ask him, he's trying to defend it.
                  THE COURT: I am telling both sides right now that this colloquy between
each other will stop. Now, you ask the questions, and he will object; you ask
the questions, he will object, and when I rule there will be no further argument. 
If you don't like the way I rule, the whole appellate structure in the State of
Texas is afforded to you.
                  [DEFENSE COUNSEL]: I understand.
                  THE COURT: In the meantime we'll see if we can't get the temperature
down, Okay.
                  [DEFENSE COUNSEL]: Okay. That might help, Judge.
                  THE COURT: All right.
                  [DEFENSE COUNSEL]: Judge, I would like for the court to instruct the
witness to just answer the question if he can.
                  THE COURT: Well, Mr. Taylor, I think he is to the best of his ability. 
I mean, if you will ask your questions, if it's not specific enough, I think he's
answering to the best of his ability.
      Here, Appellant neither objected to the comments from the trial court nor argued such
grounds in his motion for a new trial. To preserve a complaint for appellate review, a party must
have presented to the trial court a timely objection. Tex. R. App. P. 52(a). Since Appellant failed
to object and there was no fundamental error, if any error at all, his point of error is without
merit.
      The comments from the trial court were directed at the lawyers on both sides, and nothing in
the record shows that the jury felt their decision was not final or that it could or would be
corrected on appeal. See Nelson v. State, 661 S.W.2d 122, 123-34 (Tex. Crim. App. 1983).
      Fundamental error must be so egregious and create such harm that the defendant has not had
a fair and impartial trial. These elements do not appear at all in this case. See McIntosh v. State,
855 S.w.2d 753, 760 (Tex. App.—Dallas 1993, pet. ref'd); Kendrick v. State, 481 S.W.2d 877,
881 (Tex. Crim. App. 1972).
      Since there is no evidence that Appellant did not receive a fair and impartial trial, and no
evidence that the alleged error affected his conviction or sentence, and no objection made by
Appellant, we overrule Appellant's third point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed October 11, 1995
Do not publish