NUMBER
13-01-285-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

DAVID
VERA,                                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

     On appeal from the 117th District Court of
Nueces County, Texas.

 

 

                          MEMORANDUM OPINION

 

          Before Chief Justice Valdez and Justices Yañez and
Castillo

                                   Opinion by Justice Yañez

 

 








A jury convicted
appellant, David Vera, of aggravated sexual assault of a child and assessed
punishment at twenty years of confinement. See Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2002).
By one issue, appellant contends the trial court erred in granting the
conviction because the trial court=s comments during
voir dire examination were calculated to discourage and cut off truthful answers
to important questions, thereby depriving the appellant of a fair trial with
impartial adjudicators. We overrule the issue and affirm the decision of the
trial court.

As this is a
memorandum opinion not designated for publication and the parties are familiar
with the facts, we will not recite them here. Tex.
R. App. P. 47.1.

In order to
preserve a complaint for appellate review, a party must have presented the
trial court with a timely objection, or request, stating the specific grounds
for the ruling he desires. Tex. R. App.
P. 33.1(a)(1) (Vernon 2002). Absent a timely
objection, error is waived with regard to such issue. See Nelson v.
State, 661 S.W.2d 122, 124 (Tex. Crim. App. 1983); Marini v. State,
593 S.W.2d 709, 714 (Tex. Crim. App. 1980); Crocker v. State, 573 S.W.2d
190, 205 (Tex. Crim. App. 1978). More specifically, the court in Nelson
reiterated the necessity of objection during voir dire examination to
preserve error on appeal. Nelson, 661 S.W.2d at 124.

As the court=s record
reflects and the appellant concedes, no objection was raised by defense counsel
at the time the trial judge made any of the comments now complained of.  Both the prosecutor and defense counsel
continued with the voir dire examination after the judge's comments.
Thus, no objection was raised to the trial court=s comments.








Defense counsel
relies on Blue v. State in support of his contention that no objection
is necessary to preserve such an error on appeal.  See Blue v. State, 41 S.W.3d 129, 131
(Tex. Crim. App 2000)(plurality op.).  We conclude, however that this reliance is
misplaced. In Blue, the court found that the judge=s comments
tainted the trial court=s presumption
of innocence before the venire and thus were fundamental errors of
constitutional dimension requiring no objection.  Id. at 132.  However, the holding in Blue does not
extend to the instant case.  Id. at 131.  As
a concurring opinion in Blue makes clear, the holding is limited to
those cases where the trial court itself was biased.  Id. at 134.  In
the present case, the comments made by the trial court do not reference the
defendant=s guilt or
innocence and show no indication of bias by the court.  Id.; See Jasper v. State,
61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Therefore, we hold
that Blue is inapplicable and appellant was required to object in order
to preserve error.  See Nelson, 661 S.W.2d at 124.

Appellant
failed to raise this issue in the trial court, and has thus failed to preserve
it for review. Tex. R. App. P.
33.1 (a)(1). We overrule appellant=s sole issue.

The judgment of
the trial court is affirmed.

 

 

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

15th day of August, 2002.