NUMBER 13-03-493-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
QUINCY ANDERSON,                                                                  Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 24th District Court
of Jackson County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
 
         A jury convicted appellant, Quincy Anderson, of delivery of a controlled
substance (cocaine, in an amount less than one gram). Tex. Health & Safety Code
Ann. § 481.112 (Vernon 2003). On August 20, 2003, the trial court sentenced
appellant to two years in a state jail facility and assessed a $3,000.00 fine. On
appeal, appellant contends that the trial court erred when it unnecessarily commented
on the history behind the rule excluding witnesses, thereby depriving appellant of a fair
trial and creating a danger of unfair prejudice to him. We overrule the issue and affirm
the judgment of the trial court.
I. FACTS
         The following excerpts are from trial court’s comments on the history behind the
rule excluding witnesses:
I will tell you that this is an ancient rule and comes to us from the Bible. 
In the book of Daniel we find the passage where the Lady Suzanna
was . . . falsely accused by two men of a very serious crime, and there
was a trial held in the city, and she was convicted and sentenced to
death, and the people of the city were so outraged by this, that they
went to Daniel and asked him to retry the case, and this was appropriate
in the procedure that they had for death cases in those days . . . . 

So, Daniel convened a tribunal, and he took the two witnesses and
separated them and they were unable to place the scene of this crime in
the same place, and he found that they were committing perjury, and the
penalty for perjury, then, was whatever the penalty was that the person
that they lied about would have received, had they been convicted. So
they were sentenced to death and put to death.

So, I would say that makes contempt of court not too bad, I guess. But
at any rate, this is a good rule and it’s a serious rule, so it is all right for
you to talk to the attorneys in the case, but you may not talk to other
witnesses about what the testimony has been.

Appellant did not object to these comments. 
                                             II. ANALYSIS
         Generally, to preserve error for appellate review, appellant must make a timely
objection in the trial court. Garza v. State, 126 S.W.3d 79, 81-82 (Tex. Crim. App.
2004); Rabago v. State, 75 S.W.3d 561, 562 (Tex. App.–San Antonio 2002, pet.
ref’d) (counsel must object to preserve error even if it is “incurable” or
“constitutional”); see Tex. R. App. P. 33.1. If no timely objection is made, the error is
waived and cannot be raised on appeal. Nelson v. State, 661 S.W.2d 122, 124 (Tex.
Crim. App. 1983).
         Appellant contends that the trial court’s comments were improper under article
2.03(b) of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 2.03(b)
(Vernon 2002) (requiring trial court to “conduct (itself) as to insure a fair trial for both
the state and defendant” and “not impair the presumption of innocence”). Appellant
categorizes this alleged error as fundamental error, presumably to avoid the effect of
the general requirement that error be preserved by a timely objection. Appellant
appears to rely on Blue v. State, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality
opinion).
          In Blue, the court held that the trial court’s comments, including that he
preferred that the defendant plead guilty, tainted the presumption of innocence and
thus constituted fundamental error of a constitutional dimension requiring no objection. 
Id. at 132. Justice Mansfield’s concurring opinion also concluded that the trial court’s
comments were so fundamentally prejudicial as to deny the defendant his right to a
fair trial. Id. at 133-34. 
         Blue does not apply to the present case. The trial court’s comments here were
not indicative of bias or prejudice, nor did they otherwise taint appellant’s presumption
of innocence. The trial court made no remark regarding appellant’s guilt or innocence. 
It simply provided an anecdote on the origin of the rule excluding witnesses. The
anecdote did not deprive appellant of his constitutional right to a fair trial. Thus, the
trial court’s comments did not fall into the category of fundamental error and required
an objection to preserve error. 
                                             III. CONCLUSION
         Appellant was required to object to the trial court’s comments to preserve the
issue for our review. See Tex. R. App. P. 33.1; Garza, 126 S.W.3d at 81-82. Because
he failed to do so, he waived our review of this issue. See Nelson, 661 S.W.2d at
124. Accordingly, we overrule appellant’s sole issue and affirm the judgment of the
trial court.
          


                                                                                                                    
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not Publish.
Tex. R. App. P. 47.2 (b) 

Opinion delivered and filed
this 1st day of July, 2004.