Affirmed in part; Reversed and Remanded in Part; and Opinion filed
August 11, 2005









Affirmed in part; Reversed and Remanded in Part; and
Opinion filed August 11, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00053-CR

NO. 14-04-00054-CR

____________

 

JOSHUA
LAUREN ENGLISH, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 184th District Court 

Harris County, Texas

Trial Court Cause Nos. 946,636 & 946,638

_________________________________________________________

 

O P I N I O N

Appellant Joshua Lauren English was
convicted of aggravated assault and criminal mischief.  In six issues, appellant argues the evidence
is legally insufficient to support the deadly weapon element of aggravated
assault, the evidence is legally and factually insufficient to support a conviction
for criminal mischief with a pecuniary loss of at least $1,500, the trial court
erred by not giving a lesser-included-offense instruction, and the trial court
erred in overruling his motion for mistrial. 
We affirm in part and reverse in part.








Background

Christopher Eugene Green was
driving home after work and observed a black Cadillac drive up quickly behind
him.  Appellant got out of the Cadillac
yelling and pointing at Green.  He then
hit Green=s door twice with his fist,
denting the door.  Green got out of his
truck, and he and appellant fought. 
Appellant struck Green on the side of his head, and Green then struck
appellant in the face.  Appellant
returned to his car, and Green left in his truck.

An erratic car chase ensued, and
Green was able to temporarily elude appellant. 
Green stopped and got out of his car to talk to a witness, Shane
Mudd.  At that time, appellant reappeared.  Appellant stopped his car and walked toward
Green with an aluminum baseball bat. 
Green held up a metal steering wheel lock in defense, and appellant
walked back to his car.  At that time, a
truck containing six of appellant=s friends
drove up, and appellant returned with his bat. 
Green tried to shut himself in his truck; however, appellant began
striking Green on his arms and legs with the bat before Green could get
away.  Appellant also struck Green=s truck
with the bat, breaking a light and denting the hood and fender.  Before walking away, appellant swung the bat
and hit Green in the forehead.  Green
suffered bruises, swelling, a concussion, and a laceration requiring stitches
in his head.  A jury sentenced appellant
to four years= imprisonment for aggravated
assault, and the trial judge sentenced appellant to fifteen months= in a
state jail facility for criminal mischief. 
This appeal followed.

Sufficiency of the Evidence

Deadly Weapon Finding

 








In his first issue in the
aggravated assault appeal, appellant argues that the evidence is legally
insufficient to support the jury=s
conclusion that the baseball bat was used as a deadly weapon.  In evaluating a legal-sufficiency claim, the
reviewing court views the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
Rather than asking whether we believe the evidence at trial established
guilt beyond a reasonable doubt, we determine only whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318B19 (1979); Wesbrook, 29
S.W.3d at 111.

The Texas Penal Code defines a Adeadly
weapon@ as Aanything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury@ or
anything that could be used or is intended to be used to cause the same.  Tex.
Pen. Code Ann. ' 1.07(a)(17)
(Vernon Supp. 2004B2005).  A baseball bat is not a deadly weapon per se
because it is not made for the purpose of inflicting death or serious bodily
injury, although it may be classified as such when used in a manner capable of
inflicting death or serious bodily injury. 
See In re S.B., 117 S.W.3d 443, 446 (Tex. App.CFort
Worth 2003, no pet.); B.I. v. State, No. 14-98-00697-CV,
1999 WL 718044, at *1 (Tex. App.CHouston
[14th Dist.] Sept. 16, 1999, no pet.) (not designated for publication).

Appellant contends that because
he used the bat in the manner he intended, to strike but not to kill or
seriously injure, and because his use did not cause death or serious bodily
injury, the evidence is legally insufficient to support a finding that the bat
was used as a deadly weapon.  However, in
Parrish v. State, 647 S.W.2d 8, 11 (Tex. App.CHouston
[14th Dist.] 1982, no pet.), this court explained that while the wounds
inflicted can be considered, it is not necessary that the weapon inflict any
injury before it is declared a deadly weapon. 
Furthermore, in Bailey v. State, 38 S.W.3d 157, 158B59 (Tex.
Crim. App. 2001), the Court of Criminal Appeals explained that the plain
language of the Texas Penal Code does not require that the actor intend death
or serious bodily injury, only that the actor intends to use the object in a
manner that renders it capable of causing death or serious bodily injury.








Here, appellant swung the
aluminum baseball bat at Green=s head
using two hands and full force.  The
resulting blow caused pain, a large gash requiring seven stitches, a scar,
bruising, swelling, and a concussion. 
Green also testified that he was extremely afraid and that appellant
told Green he intended to kill him.  This
evidence is sufficient to support a conclusion by a rational finder of fact
that the baseball bat as used by appellant was capable of causing death or
serious bodily injury and thus was a deadly weapon.  Appellant=s first
issue in the aggravated assault appeal is overruled.

Criminal Mischief

In his first issue in the
criminal mischief appeal, appellant asserts the evidence is legally
insufficient to allow a rational trier of fact to find that the damage to Green=s car
inflicted by the bat totaled $1,500 or more but less than $20,000.  A person commits the offense of criminal
mischief if, without the effective consent of the owner, he intentionally or
knowingly damages or destroys the tangible property of the owner.  Tex.
Pen. Code Ann. ' 28.03(a) (Vernon Supp. 2004B2005).  The amount of pecuniary loss determines the
punishment range for the offense.  See
id. '
28.03(b).  If the property is damaged,
the amount of pecuniary damage will be Athe cost
of repairing or restoring the damaged property within a reasonable time after
the damage occurred.@  Id. ' 28.06(b)
(Vernon 2003).  If the amount of
pecuniary loss is $1,500 or more but less than $20,000, the offense is a state
jail felony.  Id. ' 28.03(b)(4)(A) (Vernon Supp. 2004B2005).  If the pecuniary loss is $50 or more but less
than $500, the offense is a class B misdemeanor.  Id. ' 28.03(b)(2).  The damaged property need not be
repaired.  Elomary v. State, 796
S.W.2d 191, 193 (Tex. Crim. App. 1990). 
However, Aan estimate
of damage or an opinion on the amount of damage without further evidence is
insufficient to prove the cost of repair.@  Sebree v. State, 695 S.W.2d 303, 305
(Tex. App.CHouston [1st Dist.] 1985, no
pet.).








Appellant argues the repair
estimate was legally insufficient to sustain the verdict on the total amount of
damages caused by appellant=s
baseball bat because the amount of the estimate was not verified by an
expert.  At trial, the State introduced
an estimate from Fred Haas Toyota, which estimated the damages to Green=s truck
to be $2,134.41.  Green testified that he
took the truck to that same dealership and paid $50 of the amount himself, with
the insurance company paying the balance. 
However, Green also admitted that he did not know how much the insurance
company actually paid for the repair work. 
The State did not use expert testimony to verify the estimated amount of
pecuniary damages or show evidence of a final cost.

A complainant=s
testimony regarding an estimate of the damage, without more, will not be
sufficient to establish the cost of repair in a criminal mischief case.  Sebree, 695 S.W.2d at 305.  However, an insurance adjuster=s expert
testimony concerning an estimate is enough to establish the fair market value
of the repair cost to satisfy section 28.06(b). 
Elomary, 796 S.W.2d at 194. 
Also, if the complainant is qualified as an expert, the complainant=s
testimony regarding an estimate can establish the cost of repairs under section
28.06(b).  Crowder v. State,
14-94-00396-CR, 1996 WL 255880, at *2B3 (Tex.
App.CHouston
[14th Dist.] May 16, 1996, pet. ref=d) (not
designated for publication).

In this case, the record does not
reveal Green has expertise that would qualify him to estimate the amount of
damages to his car, nor does the State claim Green has such knowledge.  Green=s
knowledge of the cost of repairs came only from what he saw on the
estimate.  Therefore, the estimate from
Fred Haas Toyota is insufficient to establish that the damages were equal to or
greater than $1,500.  Appellant=s first
issue in the criminal mischief appeal is sustained.








A court of appeals may reform a
judgment of conviction to reflect conviction of a lesser included offense if
(1) the court finds that the evidence is insufficient to support conviction of
the charged offense but sufficient to support conviction of the lesser included
offense and (2) either the jury was instructed on the lesser included offense
or one of the parties asked for but was denied such an instruction.  Collier v. State, 999 S.W.2d 779, 782
(Tex. Crim. App. 1999).  Appellant asked
for and was denied an instruction on the lesser included offense of criminal
mischief with a pecuniary loss between $50 and $500.  Green testified that he paid a $50 insurance
deductible in order to have his truck repaired; thus, the evidence is
sufficient to support a conviction for criminal mischief in the amount of $50
but less than $500.  Accordingly, we
reform appellant=s
judgment of conviction for felony criminal mischief to class B misdemeanor
criminal mischief.[1]

In appellant=s second
issue in the criminal mischief appeal, appellant argues that the evidence is
factually insufficient to support his conviction for criminal mischief as a
state jail felony but concedes it is sufficient to support his conviction as a
class B misdemeanor.  Because we have
already concluded the evidence is legally insufficient to support appellant=s
conviction for criminal mischief with a pecuniary loss of at least $1,500 and
because appellant concedes that the evidence is factually sufficient to support
a conviction for criminal mischief with a pecuniary loss of at least $50, we
need not address appellant=s second
issue in the criminal mischief appeal.

Ruling on Mistrial

In his second issue of the
aggravated assault appeal and the fourth issue of the criminal mischief appeal,
appellant contends that the trial court erred by not granting a mistrial based
on a comment made by a venireperson during jury selection.








During voir dire, the trial court
questioned venireperson Ricardo Gamez, who stated he could not be a fair juror
because of some past personal experience Aand also
possibly I have handled [appellant].@  The trial court stated they would discuss the
fact that Gamez had Aworked
with@
appellant later at the bench and then continued with the selection
process.  No objection was made at that
time by appellant, and appellant made no request for a conference outside the
jury=s
hearing.  At the completion of voir dire,
the trial court interviewed Gamez at a bench conference outside the hearing of
the panel.  Gamez revealed he was a
Harris County Sheriff=s Deputy
who worked at a jail, and he believed he had Ahandled@ the
appellant while he was in jail.  The
judge dismissed Gamez.  Appellant then
moved for a mistrial.  The trial court
noted that it thought the motion was untimely. 
Appellant=s counsel
stated that he had not objected at the time Gamez made the statement because he
wanted to avoid tainting the jury further. 
The court ultimately overruled the objection and gave a curative
instruction to the remaining jurors saying they should disregard Gamez=s
comment.

Appellant contends both that his
objection was timely because it was made before the end of jury selection and
that even had the objection been made immediately after Gamez=s
statement, the effect on the panel would not have been different.  To preserve a complaint for appellate review, there must have
been a timely request, objection, or motion at trial.  Tex. R. App. P. 33.1(a).
 In Nelson v. State, 661
S.W.2d 122, 124 (Tex. Crim. App. 1983), the appellant made a motion for both a
mistrial and curative statement to rectify comments made by the trial judge
during voir dire.  However, the
appellant waited until the court recessed into chambers before objecting.  Id. 
Though voir dire was still ongoing, the Court of Criminal Appeals found
the objection had been waived.  Id.

In this case, the comment by
Gamez was made very early during voir dire, before either the State or defense
had even begun their questioning. 
However, the objection was not made until after the entire voir dire
proceedings had concluded.  Therefore, as
in Nelson, the objection in this case was waived.

Furthermore, we review a trial
court=s
overruling of a motion for mistrial under an abuse-of-discretion standard, and
we must uphold that ruling if it is within the zone of reasonable
disagreement.  Wead v. State, 129
S.W.3d 126, 129 (Tex. Crim. App. 2004). 
Even if appellant had preserved this issue for review, any harm arising
out of Gamez=s comment was cured by the trial
court=s instruction
to disregard.  See Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003). 
Accordingly, the trial court did not abuse its discretion in overruling
appellant=s motion for mistrial.  Appellant=s second
issue in the aggravated assault appeal and fourth issue in the criminal
mischief appeal are overruled.








Conclusion

We affirm the judgment of the
trial court for appellant=s
aggravated assault conviction. We reform the trial court=s
judgment for felony criminal mischief to the lesser included offense of class B
misdemeanor criminal mischief and remand the criminal mischief case to the
trial court for a new hearing on punishment.

 

/s/        Leslie Brock Yates

Justice

 

Judgment rendered and Opinion
filed August 11, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.

Publish C Tex. R. App. P. 47.2(b).

 











[1]  Because we
sustain appellant=s first issue in the criminal mischief appeal and
reform the judgment to reflect a conviction for class B misdemeanor criminal
mischief, we need not address appellant=s third
issue in the criminal mischief appeal in which he alleges that the trial court
erred in not including a lesser-included-offense instruction.  For the same reasons, we also need not
address appellant=s argument that the evidence is legally insufficient
to prove that over $1,500 of damage was caused solely by the batCas stated in the jury chargeCwhen some of the damage to Green=s vehicle was caused by appellant=s fists. 
Appellant does not argue that the evidence is legally insufficient to
sustain a conviction for criminal mischief with a pecuniary loss of $50 or
more.