NUMBER 13-06-00636-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


CRISANTO B. GARCIA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 2

of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Crisanto B. Garcia, appeals his conviction for driving while intoxicated. 
See Tex. Penal Code Ann. § 49.04 (Vernon 2006). On appeal, appellant contends (1) that
the trial court made an improper negative comment on appellant's Fifth Amendment right
to remain silent, (2) the trial court erred in overruling his objection to the prosecutor's
closing argument, and (3) the evidence is factually insufficient to support the jury's verdict. 
We affirm. (1)

I. Improper Comments 

 In his first issue, appellant contends that the trial court made improper negative
comments on appellant's Fifth Amendment right to remain silent. (2) We hold that this issue
was not preserved for review. 

 In order to preserve a complaint for appellate review, a party must have presented
the trial court with a timely objection, or request, stating the specific grounds for the ruling
he desires. Absent a timely objection, error is waived with regard to such issue. See
Nelson v. State, 661 S.W.2d 122, 124, (Tex. Crim. App. 1983); Marini v. State, 593 S.W.2d
709, 714 (Tex. Crim. App. 1980); Crocker v. State, 573 S.W.2d 190, 205 (Tex. Crim. App
1978). More specifically, the court in Nelson reiterated the necessity of objection during
voir dire examination to preserve error on appeal. Nelson, 661 S.W.2d at 124. 

 As the court's record reflects and the appellant concedes, no objection was raised
by defense counsel at the time the trial judge made any of the comments of which
appellant complains. Both the prosecutor and defense counsel continued with the voir dire
examination after the judge's comments. Thus, no objection was raised to the trial court's
comments. 

 Appellant relies on Blue v. State in support of his contention that no objection is
necessary to preserve such an error on appeal. 41 S.W.3d 129, 131 (Tex. Crim. App.
2000) (plurality op.). We conclude, however that this reliance is misplaced. In Blue, the
court found that the judge's comments tainted the trial court's presumption of innocence
before the venire and thus were fundamental errors of constitutional dimension requiring
no objection. Id. at 132. However, the holding in Blue does not extend to the instant case. 
Id. at 131. As a concurring opinion in Blue makes clear, the holding is limited to those
cases where the trial court itself was biased. Id. at 134. In the present case, the
comments made by the trial court do not reference the defendant's guilt or innocence and
show no indication of bias by the court. Id.; see Jasper v. State, 61 S.W.3d 413, 421 (Tex.
Crim. App. 2001). Therefore, we hold Blue is inapplicable and appellant was required to
object in order to preserve error. See Nelson, 661 S.W.2d at 124. 

 Appellant failed to raise this issue in the trial court and has thus failed to preserve
it for review. Tex. R. App. P. 33.1(a)(1). Appellant's first issue is overruled. 

II. Improper Jury Argument 

 In his second issue, appellant claims the trial court erred by overruling his objection
to the State's closing argument and in permitting the State to argue that a half bottle of
whiskey was found in appellant's vehicle. 

 Appellant has provided no authority to support his contention that an improper jury
argument was made. In accordance with rule 38.1(h) of the Texas Rules of Appellate
Procedure, we will only consider contentions that are supported by clear and concise
arguments with appropriate citations to authorities and to the record. Tex. R. App. P.
38.1(h). By raising the issue of an improper jury argument and failing to cite any authority
to support his contention, if any, appellant has waived error on this issue. See Tufele v.
State, 130 S.W.3d 267, 271 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). We overrule
appellant's second issue. 

III. Factual Sufficiency 

 In his final issue, appellant complains that the evidence is factually insufficient to
sustain his conviction. Specifically, appellant contends that evidence adduced at trial was
insufficient to prove the element of loss of mental or physical faculties beyond a reasonable
doubt. We disagree.

A. Standard of Review 

 In reviewing the factual sufficiency of the evidence, we view all of the evidence in
a neutral light to determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006); see
also Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Unless the record
clearly reveals a different result is appropriate, we must defer to the fact-finder's
determination concerning what weight to be given to contradictory testimony. Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 

B. Applicable Law and Analysis 

 The State was required to prove beyond a reasonable doubt that appellant was
intoxicated while operating a motor vehicle in a public place. See Tex. Penal Code Ann.
§ 49.04(a). "Intoxicated" means not having the normal use of mental or physical faculties
by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
or a combination of two or more of those substances or any other substance into the body,
or by having an alcohol concentration of 0.08 or more. See id. § 49.01(2). Among other
things, evidence of intoxication may include: (1) slurred speech; (2) bloodshot eyes; (3) the
odor of alcohol on the person or on the breath; (4) an unsteady balance; and (5) a
staggered gait. See Cotton v. State, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985). 
The uncorroborated testimony of an arresting officer is sufficient to prove the element of
intoxication. See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); Watkins
v. State, 741 S.W.2d 546, 549 (Tex. App.-Dallas 1987, pet. ref'd). 

 The following evidence was presented at trial. Appellant was pulled over by State
Trooper Juarez around 11:00 p.m. for driving with a burned out tail light. Trooper Juarez
asked appellant to step out of his vehicle so that he could verify that his tail light was
burned out. Appellant complied. Trooper Juarez decided to give appellant a written
warning. As Trooper Juarez began to write out the warning, he noticed a strong smell of
alcohol coming from appellant's breath. Trooper Juarez asked appellant whether he had
been drinking. Appellant responded that he drank four or five beers throughout the day. 
Trooper Juarez then asked appellant to perform several sobriety test. 

 The first test administered by Trooper Juarez was the horizontal gaze nystagmus
(HGN) test. Trooper Juarez testified that appellant's eyes did not equally track the stimulus
during the administration of the test, that appellant's eyes did not pursue the stimulus
smoothly, and exhibited nystagmus at maximum deviation in both eyes. Thus, Trooper
Juarez concluded that appellant had failed the HGN test by exhibiting six clues (out of a
possible six), suggesting intoxication. Appellant was also asked to perform the "walk and
turn" test, but appellant failed to follow instructions or complete the test correctly,
demonstrating seven out of eight clues of intoxication. Appellant then performed the "one
leg stand" test, in which he demonstrated four (out of a possible four) clues of intoxication. 
Based on his performance during these field sobriety tests, Trooper Juarez concluded that
appellant had lost the normal use of his mental or physical faculties due to ingestion of
alcohol. Later, when requested to provide a specimen of his breath for the purpose of
testing it for alcohol concentration, appellant refused to comply. 

 The State also presented the testimony of Trooper Martinez. Trooper Martinez
assisted by inventorying appellant's vehicle. Trooper Martinez testified that he found an
empty container of Budweiser beer in the center console of the vehicle, a six-pack of
unopened beer, and a bottle of Buchanan's whisky on the front passenger side floorboard. 
Appellant did not present any evidence at the trial. 

 After objectively reviewing all of the evidence presented in this case, and applying
the appropriate standard of review, we conclude the evidence is factually sufficient to
support the verdict of guilt. See Watson, 204 S.W.3d at 415. Appellant's final issue is
overruled. 

IV. Conclusion 

 Accordingly, we affirm the judgment of the trial court.


 

 ROGELIO VALDEZ

 Chief Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.
1. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See tex. R. App. P. 47.4
2. During voir dire, the trial judge discussed with the jury a defendant's right not to testify. She
explained that appellant has the right to remain silent and that he cannot be convicted "for the sole reason that
he did not testify." The trial judge further added, that when the jury deliberates, "[they] cannot mention that
[appellant] must be hiding something, he must be guilty, otherwise, he would have testified." Finally, the trial
court mentioned that appellant also has the right to testify and "give [the jury] his version of the facts of that
day." Appellant argues that these comments cannot be justified as fair and impartial.