**George RABAGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00860–CR.**

Court of Appeals of Texas,
San Antonio.

March 13, 2002.

Rehearing Overruled April 16, 2002.

Lori O. Rodriguez, San Antonio, for Appellant.

Michael P. Miklas, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

George Rabago appeals his conviction of and sentence for aggravated robbery. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

George Rabago was charged with aggravated robbery with a deadly weapon under the law of parties for his role in driving the get-away vehicle in a pizzeria robbery. After empaneling the jury, the trial judge made the following statement:

> One of the reasons you are here is because you are looking at what is part of an Aggravated Robbery Charge. Mr. Rabago, George Rabago, who is sitting over there is currently in the Bexar County Jail and is on trial for being the driver of the getaway vehicle that you

heard the testimony and the brother, Raymond discussed. And you all are on some form of a misdemeanor punishment. [sic] This is a felony court. Just so that you understand fully what is going on here today, Mr. Rabago is charged through the law of party [sic] with being essentially what the movies would call an accomplice to the crime. However, since Mr. Rabago also has a prior conviction which the jury and no one else knows about except those of us involved in the case, a felony charge. He is listed as a repeated [sic] offender, which means that the minimum punishment he could receive is 15 years to do at the Texas Department [of] Criminal Justice Institution[al] Division with the upper boundary being 99 years to life. So think about that while you are watching this.

Rabago did not object to the trial court's statement. The jury found Rabago guilty; and the trial court sentenced him to fifteen years in prison and assessed a $1000 fine. Rabago appealed.

### DISCUSSION

■ As a general rule, trial counsel must object to preserve error, even if it is

"incurable" or "constitutional." *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim. App.1996), *cert. denied*, 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997); *Boulware v. State*, 542 S.W.2d 677, 682–83 (Tex. Crim.App.1976), *cert. denied*, 430 U.S. 959, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977); *see generally* TEX.R.APP. P. 33.1. Rabago argues, however, he was not required to preserve error as to the trial court's improper comments because the comments violated his constitutional right to the presumption of innocence and constituted fundamental error. For support, Rabago cites *Blue v. State*, 41 S.W.3d 129 (Tex. Crim.App.2000) (plurality op.), and *Clark v. State*, 878 S.W.2d 224 (Tex.App.-Dallas 1994, no pet.). The State disagrees and argues the error was waived.

In *Blue*, a plurality of the Texas Court of Criminal Appeals held that "[t]he comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection." *Blue*, 41 S.W.3d at 132 (Johnson, J., joined by Mansfield, Price, and Holland, JJ.).[1] Judge Keasler

---

1. The trial court stated:

[This case], which we are going on, is a situation where the attorney has been speaking to his client about what does he want to do. And when you are on the button like these cases, it's a question. Frankly, an offer has been made by the State or do I go to trial. And he has been back and forth so I finally told him I had enough of that, we are going to trial. You have been sitting out here and this is holding up my docket and I can't get anything done until we know if we are going to trial or not.

Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done and I'm sure not going to come out here and sit. Sorry, the case went away and we were all trying to work toward that and save you time and cost of time, which you have been sitting here and

I apologize about that. I told the defendant that. Like I said, I have enough of this and going to trial.

. . . .

Because there are many reasons why defendants do not testify and I have seen many that have nothing to do with their guilt or innocence. I have seen defendants that are so nervous they could not hear the question much less respond to one. There are defendants that have speech impediments. There are defendants that, frankly, look guilty and they are not guilty and their attorney tells them I don't think you'd make a good witness because you cannot enunciate, not really set forth what you are trying to say very well. And you will be up there and stammering and stuttering, it probably won't look good for you.

It's like I tell all the juries and I get Sister Teresa and I represent her for mass mur-

concurred. *See id.* at 135 (Keasler, J., concurring). In Judge Keasler's view, the plurality's conclusion was correct because the trial judge's comments violated the appellant's "absolute right" to an impartial judge; however, the plurality's reliance upon Texas Rule of Evidence 103(d),[2] rather than fundamental error case law, was incorrect. *See id.* Judge Keller, joined by then Presiding Judge McCormack and Judge Womack, dissented. *See id.* at 139. The dissenters agreed with Judge Keasler that Rule 103(d) did not apply, *id.* at 142, but disagreed that the claimed error involved the "absolute" right to an impartial judge. *Id.* Rather, in the dissenters' view, the case involved "erroneous comments that are likely to have a prejudicial impact on a jury's decision-making;" and this type of error—whether arising out of improper jury argument or a trial court's improper comment—is waived by the failure to object. *Id.* at 143.

Because there is no majority opinion in *Blue,* it is not binding precedent. *See Pearson v. State,* 994 S.W.2d 176, 177 n. 3 (Tex.Crim.App.1999). Even if it were, we would decline to follow it here. As Judge Keasler's concurring opinion in *Blue* indicates, the trial court's remarks in *Blue* reasonably could be interpreted as a predetermination of Blue's guilt, thus implicating the right to an impartial judge. *See id.* at 135. That is not the case here, where the trial court merely—albeit improperly—informed the jury of Rabago's prior conviction. Indeed, it appears the

trial court's comments in this case were designed not to prejudice the jury as to Rabago's guilt but to impress upon the jury the severe punishment range Rabago would face if found guilty, in light of his repeat offender status. Rabago's reliance upon *Clark* is also misplaced. Clark's trial attorney, unlike Rabago's, objected to the trial court's comments regarding Clark's prior convictions. *Clark,* 878 S.W.2d at 225.

We hold the trial court's comment did not constitute fundamental error. Consequently, Rabago's failure to object waived any error. Under these circumstances, we hold Rabago has failed to preserve the error in the trial judge's comments. *See Jasper v. State,* 61 S.W.3d 413, 421 (Tex.Crim.App.2001) ("Even if we were bound to follow that plurality opinion [in *Blue*], the first interchange of which appellant complains does not rise to this level. .... The second episode to which appellant objects also lacks those elements that would prejudice the jury to the degree discussed in *Blue.* .... None of the trial judge's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury."); *Nelson v. State,* 661 S.W.2d 122, 123–24 (Tex.Crim.App.1983) (holding no error was preserved where defendant's trial attorney failed to object to trial judge's comment during voir dire, after excusing a minister who said his religious principles did not permit him to judge others: "Anybody else

der. And she is guilty as driven snow and the jury doesn't know that but the defendant's attorney knows it because she admitted it privately. What am I going to do; I am going to put Sister Teresa on the stand because nobody thinks she would tell a lie. She looks like she would be a very honest person and I can put her on the stand. I could have a defendant as innocent as can be and looks guilty and I wouldn't put her on the stand.

*Blue,* 41 S.W.3d at 130.

2. Rule 103(d) states:

In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.

TEX.R. EVID. 103(d).

feel lead by the Lord not to judge anybody, can't try people for the offense of murder and turn them loose on the streets and let them start mowing everybody else down? Does anybody else feel like the Lord so lead you to do that?").

The trial court's judgment is affirmed.

Dissenting opinion by CATHERINE STONE, Justice.

CATHERINE STONE, Justice, dissenting.

George Rabago, like all individuals accused of criminal conduct, is entitled to a trial which preserves the presumption of innocence and the impartiality of the presiding judge. Because these basic rights were not safeguarded in the trial court, I respectfully dissent.

In the challenged portion of the court's comments, the trial judge did not urge the jury to listen to the evidence carefully. Rather, the court indicated that Rabago was currently housed in the county jail, made an obscure reference to someone— perhaps Rabago—being on "some form of misdemeanor punishment," and provided information about Rabago's repeat offender status and the effect that status had on the applicable range of punishment. The court also added an air of mystery by telling the jury about Rabago's prior felony conviction, a matter which "the jury and no one else knows about except those of us involved in the case." If anything, this information served to forewarn the jury they were dealing with an experienced criminal. Under these facts, I would conclude the presumption of innocence was seriously undermined in this case.

Likewise, the impartiality of the trial court is called into question by these comments. Because the jury was to determine guilt or innocence, and not assess punishment, the court's comments about Rabago's prior criminal history and the possible range of punishment were totally unnecessary. Accordingly, I would hold that the court's comments constitute fundamental error that was not waived by Rabago's failure to object.