NO. 07-03-0462-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 2, 2004

_____


WILBORN H. BRUMIT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439865; HONORABLE JIM BOB DARNELL, JUDGE

_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to an open plea of guilty, appellant Wilborn H. Brumit was convicted of aggravated sexual assault and punishment was assessed at confinement for life. Presenting two points of error, appellant contends the trial court violated his due process rights under the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 19

of the Texas Constitution and committed fundamental error by failing to function as an impartial tribunal for sentencing purposes. We affirm.

Only a brief recitation of the facts is necessary to disposition of appellant's contentions. Following appellant's open plea of guilty, punishment evidence was presented that established numerous incidents of sexual assault by appellant against his biological daughter and some instances of sexual assault against a life-long friend of hers. Appellant's daughter testified that while she was between five and eight years old and living in Lubbock County, she experienced numerous instances of digital penetration of her vagina by appellant. After age eight, she recalled appellant having sexual intercourse with her on several occasions.

When she was almost nine, the family moved to Collin County and the abuse stopped for a brief time. However, the victim testified that appellant resumed digital penetration and also estimated at least 15 episodes of sexual intercourse. On February 21, 2002, at age 12, the victim became emotionally overwhelmed by the constant abuse and telephoned her mother to tell her she had packed all her belongings and was leaving home. Her mother picked her up and took her to the hospital for an examination.

The victim's close friend, who considered appellant a father figure, testified that when she was 11 appellant began molesting her by digital penetration of her vagina. She also recalled at least two instances of sexual intercourse by appellant and one attempt to penetrate her bottom.

Following other testimony from the victims' parents and a Collin County Officer, the State rested and the defense presented evidence from appellant's sister that appellant had been sexually abused as a young child. Prior to pronouncing sentence, the trial court made the following comments:

> Mr. Brumit, I will explain to you what I am doing and why I am doing it, because I will never understand what you did or why you did it. You are a predator, the worst kind of a predator. The reason being is that we have to teach our children today to be careful about people that they come into contact with for fear that something like this may happen to them. When it happens to a child, your own child, in your own home, it is just unforgivable. There is no way that anybody can justify understanding what you did or why.

> I think it was 1977 or '76, I was involved in the prosecution of a little six-year-old black child that was kidnapped in the front of his apartment complex and was killed after he had been sexually assaulted. *That case made me think that anybody that ever harmed a child should be put to death.*

> * * *

> Your punishment is going to deter you, and hopefully it will deter anybody else that might contemplate doing what you did. . . .

> For that reason, I am going to sentence you to life in the penitentiary, and hopefully, somebody out there will understand this is wrong.

(Emphasis added).

By his two points of error, appellant asserts his federal and state due process rights were violated because the trial court did not function as an impartial tribunal for sentencing

3

purposes. Specifically, he contends the trial court refused to consider the full range of punishment and expressed its regret in not being able to hand down a capital sentence. We disagree.

It is a denial of due process for the court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. Jefferson v. State, 803 S.W.2d 470, 471 (Tex.App.–Dallas 1991, pet. ref'd), citing McClenan v. State, 661 S.W.2d 108, 110 (Tex.Cr.App. 1983). Error, though, even of constitutional dimension, may be waived by failing to object. Tex. R. App. P. 33.1(a); Briggs v. State, 789 S.W.2d 918, 924 (Tex.Cr.App. 1990).

Appellant acknowledges that no objections were lodged to the trial court's comments and that although he filed a motion for new trial, it was based on other grounds. Nevertheless, he asserts the trial court's comments constituted fundamental error of constitutional dimension that required no objection. *See* Blue v. State, 41 S.W.3d 129 (Tex.Cr.App. 2000) (plurality opinion); *see generally* Howard v. State, 830 S.W.2d 785, 787 (Tex.App.–San Antonio 1992, pet. ref'd) (concluding that the record supported the defendant's claim that the trial court never considered a lesser sentence than 99 years when it commented, "as far as I'm concerned, you can go to TDC for 99 years and stay there, do you understand that?").

In *Blue*, the trial court made comments to the venire which tainted the defendant's presumption of innocence. A plurality of the court held that the trial court's comments were

fundamental error of constitutional dimension that required no objection. *Blue*, 41 S.W.3d at 132. A plurality opinion, however, is not binding precedent, and we decline to apply it here. Jasper v. State, 61 S.W.3d 413, 421 (Tex.Cr.App. 2001); *see also* Rabago v. State, 75 S.W.3d 561, 563 (Tex.App.–San Antonio 2002, pet. ref'd).

The State contends appellant waived any complaint regarding his sentence by not bringing it to the trial court's attention during the hearing nor in his motion for new trial. We agree. A defendant waives any due process complaint when he does not object to the punishment or to the failure to consider the evidence. Cole v. State, 931 S.W.2d 578, 580 (Tex.App.–Dallas 1995, pet. ref'd). Appellate courts do not consider any error counsel could have called, but did not call, to the trial court's attention when the trial court could have avoided or corrected the error. *Id.* Points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.