IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00108-CR

 

alfonso E. caballero,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
2

Bexar County, Texas

Trial Court No. 872208

 



memorandum  opinion



 

A jury convicted Alfonso Caballero of Class B
misdemeanor theft ($50 to $500) for shoplifting a Global Positioning System
(GPS) device and its car adaptor at a Target store.  The trial court sentenced
Caballero to a six-month jail term that was probated for nine months.  Raising
two issues, Caballero appeals.  We will affirm.

Background

Two Target security employees testified that on
the afternoon of December 24, 2003, they saw Caballero take the GPS off the
shelf and, as he went through the store, remove it from its hard plastic package,
hide package parts behind or under other store products, and place the device
in his clothing.  One of the employees followed Caballero and saw the GPS in
his shopping cart before he opened it and concealed it.  Parts of Caballero’s
conduct were captured on video of low quality.  As he left the store after
buying a few items, Caballero was confronted by the employees, and he
voluntarily went with them to their office, where he removed the device from
his jacket.  The employees said that Caballero told them that he owned the
merchandise and had a receipt at home.  The police were called, and an officer
arrested and searched Caballero, finding a car adaptor for the GPS and a
pocketknife.  The officer testified that the knife could have been used to cut the
products out of their hard plastic packaging.  The officer refused Caballero’s
request to go home and get his receipt, and one of the Target employees refused
Caballero’s request that he be allowed to pay for the items.

Two plastic packages for the products were found
where the employees saw Caballero dispose of them.  The GPS was packaged with a
paper manual, but it was not with either empty package.  When the officer
closely searched Caballero at the jail, he found the manual concealed in a large
back brace worn by Caballero and returned the manual to the Target store. 
After being released from jail, Caballero never provided Target or the police
with the alleged receipt for the device found on him.

Ineffective Assistance

In his first issue, Caballero alleges ineffective
assistance of counsel.  To prevail, a
defendant must first show that his counsel’s performance was deficient.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); see Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  It must also be shown that the deficient performance prejudiced the
defendant.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.       Appellate
review of defense counsel’s representation is highly deferential and presumes
that counsel’s actions fell within the wide range of reasonable and
professional assistance.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Under
normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical
or strategic decision-making as to overcome the presumption that counsel’s
conduct was reasonable and professional.[1]  See
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Mitchell,
68 S.W.3d at 642.

            In the absence of evidence of trial
counsel’s reason for the challenged conduct, we assume a strategic reason for
trial counsel’s conduct, if one can be imagined.  Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001) (“an appellate court ‘commonly will
assume a strategic motivation if any can possibly be imagined,’ and will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it”)
(quoting 3 W. Lafave, et al., Criminal
Procedure § 11.10(c) (2d ed. 1999) and citing Thompson, 9 S.W.3d
at 814).  But, if nothing in the record reveals trial counsel’s reason, it is
improper for us to speculate on it.  See Thompson, 9 S.W.3d at 814.

            Caballero’s principal complaint is
that his trial attorney failed to adequately confer with him and investigate
the facts.  The basis of this complaint is the attorney’s introduction of four
documents during Caballero’s testimony and the State’s subsequent attempted
impeachment of Caballero over those documents, which allegedly contradicted
each other.  At trial, the defense theory, consistent with Caballero’s story
when he was apprehended, was that he had previously purchased the GPS online
from a Canadian company and had a receipt for it.  Defense Exhibit 1 is a DHL
airbill from Endeavor Marketing in Canada to Caballero and dated November 27,
2003.  Defense Exhibit 2 is an invoice for a GPS device like the one found on
Caballero at Target in the amount of “140 usd” ($140.00 U.S. dollars).  The
invoice is from Endeavor Marketing to Caballero, is dated November 25, 2003
with a shipping date of November 27, and identifies DHL as the carrier.

Defense Exhibit 3 is another invoice to Caballero for
a GPS device like the one found on Caballero at Target in the amount of
$164.00, with a shipping charge of $14.95.  Caballero said that the discrepancy
between the $164.00 and $140.00 prices was the Canadian dollar price versus the
U.S. dollar price.  Defense Exhibit 3 has no date or seller identity, but it
has a bar code or invoice number of 613155.  The last line of Exhibit 3 reads:  “For
product return requests and policies, please visit www.compuplus.com/rma.php3.” 
Caballero said that because Endeavor Marketing was in Canada, it could not directly ship electronic devices to U.S. consumers and had to ship it to Comp-U-Plus,
an internet electronics seller in New York, which in turn sent it to
Caballero.  Defense Exhibit 4 is a typed “Compuplus” invoice with invoice
number 613155.  It has almost all of the same data as Exhibit 3, but it has a
date of December 14, 2004 and a time of 7:01 PM.

In the guilt-innocence phase, the State vigorously
cross-examined Caballero over the purported discrepancies between Defense Exhibits
2 and 3, but it did not completely impeach his version of the two invoices (the
Endeavor Marketing invoice and the Comp-U-Plus invoice) being for the GPS
device he had previously purchased.  After the jury found Caballero guilty, but
before the punishment phase began, a District Attorney investigator contacted
Comp-U-Plus and had it fax a copy of invoice 613155.  The State presented it as
State’s Exhibit 4.  It is very similar to Defense Exhibit 3; it has the identical
sales and invoice data for the GPS and the identical personal data for
Caballero, but is also has the Comp-U-Plus store logo, contact information, and
date and time—“12/25/2003  7:01 PM”—the day after Caballero’s arrest.[2] 
There are a few minor dissimilarities that could be, but are not necessarily,
the result of alteration.

Before punishment-phase testimony began, the State
suggested that State’s Exhibit 4 showed that Caballero had altered Defense Exhibit
3 and committed perjury about the defense exhibits.  Caballero then testified
that, while the two documents were similar, they were still different
documents.  He denied altering Defense Exhibit 3. Caballero’s wife then
testified that, without her husband’s knowledge, she had purchased the GPS from
Comp-U-Plus on December 25 in his name and with his credit card, placed the Comp-U-Plus
invoice in the same folder with the Endeavor Marketing invoice, and never told
him about it, which is why he thought all of the documents went together.

The gist of Caballero’s ineffective-assistance
claim is that his trial attorney did not adequately investigate and discover
the alleged discrepancies between the Endeavor Marketing and Comp-U-Plus
invoices, and he then put them in evidence where Caballero could be cross-examined
on them.  But we have a silent record on the attorney’s investigation, if any, of
the exhibits and why he offered them into evidence.  As the above recitation of
the testimony reflects, Caballero’s and his wife explanations were not patently
truthful, but they also were not patently untruthful.  Nor can we tell that Defense
Exhibit 3 is a blatant alteration of State’s Exhibit 4.

Caballero also contends that his attorney was
ineffective for failing to object to comments made by the trial judge, for failing
to object to the form of the prosecutor’s question on cross-examination of
Caballero, for failing to object during closing argument, and for failing to
obtain a ruling on objections that he did make during closing argument.  The
reporter’s record shows that Caballero’s attorney vigorously represented him,
making numerous objections during the State’s cross-examination in both
phases.  Again, however, we have a silent record on why the attorney did not
object on the complained-of occasions and on the attorney’s trial strategy.  Because the appellate record in
this case does not evidence the reasons for trial counsel’s conduct, and
because all of the alleged deficiencies could have been the subject of trial
strategy, we overrule Caballero’s first issue.  See Jones v. State,
170 S.W.3d 772, 776 (Tex. App.—Waco 2005, pet. ref’d).

Fundamental Error

Issue two asserts that the trial court committed
fundamental error when the trial judge stated, “I want this case to go away” in
the following colloquy after the prosecutor had just made a lengthy objection
to the admissibility of Defense Exhibits 1 through 4 near the beginning of the
direct examination of Caballero:

THE COURT:  The objection’s overruled.  It goes to
the weight, not the admissibility.  The jury can then decide for themselves how
much weight to give it.  Okay?

[DEFENSE]:  At this time, Judge - -

THE COURT:  Hold on.  Whoa.  Just so the record’s
clear, Defense Exhibit No. 1’s admitted.  Number 2’s admitted.  Number 3’s
admitted and Number 4’s admitted.  And just a housekeeping matter, are you
going to be doing anything more with that chart?

[DEFENSE]:  Yes, Judge.

THE COURT:  You will be doing more
with - -

[DEFENSE]:  Yes.

THE COURT:  Then you’ll need to offer
it - -

[DEFENSE]:  I will do that later.  Certainly. 
Thank you very much for that.

THE COURT:  If you want to publish that to the
jury, fine.  But as long as you keep asking questions.

[DEFENSE]:  I understand

THE COURT:  I want this case to go
away.

[DEFENSE]:  I understand.

[STATE]:  Can we get a copy of that,
Judge?

[DEFENSE]:  Certainly.

[STATE]:  Do you have an extra one?

[DEFENSE]:  And for the Court’s - -

THE COURT:  I don’t need to see it.

[DEFENSE]:  Okay.  Fair enough.

THE COURT:  The jury needs to see it
later, not me.

[DEFENSE]:  I understand.  Thank you.

 

            Caballero claims that the trial
judge’s comment demonstrated partiality and denied him a fair and impartial
trial because it showed to the jury that the trial judge did not care to hear
Caballero’s testimony.  See Tex.
Code Crim. Proc. Ann. art. 38.05 (Vernon 1979) (“the judge shall not . .
. at any stage of the proceeding previous to the return of the verdict, make
any remark calculated to convey to the jury his opinion of the case”). 
Caballero argues that no objection was required because the comment is
fundamental error.  See Blue v. State, 41 S.W.3d 129, 131-33 (Tex. Crim. App. 2000).

            The trial judge’s comment was not fundamental
error.  See Rabago v. State, 75 S.W.3d 561, 563 (Tex. App.—San Antonio
2002, pet. ref’d).  In its context, the comment is plainly a desire for the
case to move along after an unnecessarily long colloquy over the admission of
exhibits, and such a comment is not fundamental error.  See Murchison v.
State, 93 S.W.3d 239, 261-62 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d) (“Let’s move along” not fundamental error because trial court “has broad
discretion to expedite and maintain control over the trial”); see also
Jasper v. State, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001) (“a trial judge’s
irritation at the defense attorney does not translate to an indication as to
the judge’s views about the defendant's guilt or innocence”).  Issue two is
overruled.

Having overruled Caballero’s issues, we affirm the
trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment
without a separate opinion.)

Affirmed

Opinion
delivered and filed August 29, 2007

Do
not publish

[CR25]









[1]               Rarely will the trial record contain sufficient information to permit
a reviewing court to fairly evaluate the merits of such a serious allegation: 
“[i]n the majority of cases, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel.”  Thompson v.
State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); see also Mitchell,
68 S.W.3d at 642 (“The reasonableness of counsel’s choices often involves facts
that do not appear in the appellate record.  A petition for writ of habeas
corpus usually is the appropriate vehicle to investigate ineffective-assistance
claims.”).





[2]               Neither party addresses the
discrepancy of the December 14, 2003 date in Defense Exhibit 4.  Nor does
either address the different spelling of Comp-U-Plus in Defense Exhibit 4. 
State’s Exhibit 4, the invoice that the investigator obtained from Comp-U-Plus,
has the store logo on it and it is spelled “Comp-U-Plus.”