

NUMBER 13-10-00194-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL ANGEL GONZALES,                                        Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Michael Angel Gonzales, was convicted of aggravated robbery, a first-degree felony, and was sentenced to twenty years' imprisonment.   *See* TEX. PENAL CODE ANN. § 29.03 (West 2003).   By a single issue on appeal, Gonzales argues that the trial court erred when it instructed the jury to "disregard any comments about participation of any third party in this crime."   We affirm.

## I. BACKGROUND

Trial testimony established that, shortly after midnight on June 5, 2009, Gonzales and an unidentified Hispanic male offered a ride in their vehicle to Jose Luz Alvarez, a laborer employed in Victoria, Texas. Gonzales and the unidentified male stated that they would drive Alvarez to nearby Bloomington, Texas. Instead, they drove to a dark, secluded rural area where Gonzales, the driver, announced that he needed to pull over to replace a flat tire. Once the vehicle was parked, Alvarez exited the vehicle to inspect the tire. According to Alvarez, Gonzales then struck him in the head with a tire iron and stole money from him. Gonzales and the unidentified male then got back in the vehicle and drove off, leaving a battered and bloodied Alvarez by the side of the road.

Alvarez called 911 and was eventually picked up by a deputy from the Victoria County Sheriff's Office and taken to a hospital for treatment. During the course of the ensuing investigation, Alvarez was asked to identify his assailant in a photo lineup that included a photo of Gonzales; Alvarez was unable to identify Gonzales. Alvarez acknowledged that he consumed a "good amount" of beer that evening prior to being picked up by Gonzales and that, during and after the assault, he had blood on his face and in his eyes, which prevented him from seeing clearly. However, he was able to identify Gonzales in the courtroom at trial as the man who assaulted him that night.

As part of her closing argument, Gonzales's counsel stated in part as follows:

[Defense counsel]: When [Alvarez] was on the 911 call you'll hear, or you heard, that he was able to give a description of where he was at. He could see clearly enough without his glasses out there to read Tennessee Gas Pipeline off of a sign. He read the street sign to the officer—or to the dispatcher. I believe he knows what happened out there. He gave us a vivid description of the struggle between the two—the

2

man and him. So why shouldn't we rely on his word when he tells us that he knows who his attacker is and he can identify his attacker? Why do we not believe that part of his story? If we're going to believe everything else he says, why do we selectively pick out that part and decide not to believe it? Why don't we believe that he knows his attacker, it was the third party assailant in that vehicle with him and he saw him face-to-face.

[Prosecutor]: I'm going to object, Your Honor. That was not the testimony at all.

THE COURT: I will sustain that objection—

[Prosecutor]: Thank you, Your Honor.

THE COURT: —and I'm going to instruct the jury to disregard any comments about participation of any third party in this crime.

Defense counsel then continued her closing statement without objecting to the trial court's instruction.

Gonzales was subsequently convicted by the jury and sentenced to twenty years' imprisonment. This appeal followed.

## II. DISCUSSION

Gonzales contends the trial court violated article 38.05 of the Texas Code of Criminal Procedure by instructing the jury to disregard defense counsel's comments about the unidentified passenger's possible participation in the crime. Gonzales argues that, because Alvarez "had been less than confident or certain in his in-court identification" of Gonzales at trial and in the photo lineup, and because Alvarez "admitted to other factors tending to lessen his ability to perceive and recall events (severe head trauma, excessive alcohol intake, lack of corrective eyewear)," the trial court therefore "completely precluded [Gonzales's] defense" by making the challenged oral instruction.

3

The statute provides that a trial judge may not, "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979); *see Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (holding that a trial judge must refrain from making any remark calculated to convey his opinion of the case because jurors give special and peculiar weight to the language and conduct of the trial judge). To comply with this directive, a trial judge must limit his or her comments from the bench and must maintain an attitude of impartiality throughout the trial. *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.–Corpus Christi 2004, no pet.); *Hoang v. State*, 997 S.W.2d 678, 680 (Tex. App.–Texarkana 1999, no pet.). A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defendant's position, or diminishes the credibility of the defense's approach to the case. *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

Gonzales's trial counsel did not object to the trial court's instruction. The general rule is that counsel must object to the trial court's comments during trial in order to preserve error. *See* TEX. R. APP. P. 33.1(a); *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). However, objection at trial is not necessary where the error alleged is "fundamental"—that is, where it creates "egregious harm." *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd); *see* TEX. R. EVID. 103(d) (providing that, in the context of rulings on the admission of evidence, appeals courts are authorized to take notice of "fundamental errors affecting substantial rights" even if the alleged error was not brought to the attention of the trial court). Harm is

4

egregious if it prevents a defendant from receiving a fair and impartial trial. *Ganther*, 187 S.W.3d at 650. Fundamental error of constitutional dimension may exist if a trial judge makes a comment that taints the defendant's presumption of innocence. *Blue*, 41 S.W.3d at 132.

Gonzales argues that the trial court's instruction "to disregard any comments about participation of any third party in this crime" was equivalent to an instruction "to disregard any argument that the backseat passenger (a Hispanic male, like appellant) may have committed the crime." Considering the context in which the trial court made the challenged comment, we disagree. The remarks were made after the trial court sustained the State's objection to an inaccurate summary of the evidence by defense counsel during her closing argument.[1] The trial court's statement was clearly intended to advise the jury that it must disregard only the misstatement previously made by defense counsel, not that it must disregard *all* evidence that someone other than Gonzales committed the crime. There was nothing preventing Gonzales from arguing that the State had failed to meet its burden of proof—and indeed, defense counsel did argue, after the trial court made the challenged remarks, that "[t]here's reasonable doubt as to the identity of the person who assaulted Mr. Alvarez."[2] Viewed in its proper context, the instruction at issue here neither tainted Gonzales's presumption of

---

[1] The record reflects that the trial court was correct in sustaining the State's objection—Alvarez never testified that he knew his assailant, that it was the "third party . . . in that vehicle with him," or that he saw his assailant "face-to-face."

[2] It is noteworthy that the jury charge in this case permitted the jury to find Gonzales guilty pursuant to the law of parties, under which a person is criminally responsible for an offense committed by the conduct of another person if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2003). If, as Gonzales implies, the oral instruction at issue forbade the jury from considering *any* evidence presented throughout the trial as to Gonzales's unidentified passenger, then such an instruction would have aided Gonzales's defense in this regard, because the jury would not have been able to convict based on the law of parties without considering the passenger's conduct. *See id.*

innocence or prevented him from receiving a fair trial.

For the foregoing reasons, we conclude that no fundamental error was committed here; therefore, Gonzales has waived his issue by failing to object at trial. *See Ganther*, 187 S.W.3d at 650 (finding that judge's comments regarding appellant representing himself were not fundamental error); *Gordon v. State*, 191 S.W.3d 721, 726-27 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (concluding that judge's statements about how the defendant controls the system were not fundamental error); *Rabago v. State*, 75 S.W.3d 561, 561-63 (Tex. App. –San Antonio 2002, pet. ref'd) (finding that judge's remarks regarding appellant's prior conviction were not fundamental error); *see also Basey v. State*, No. 14-10-00134-CR, 2011 Tex. App. LEXIS 1695, at *10-11 (Tex. App.–Houston [14th Dist.] Mar. 10, 2011, no pet. h.) (mem. op., not designated for publication) (concluding that judge's comment during voir dire that the reporter's trial record "is what is appealed up to the Court of Criminal Appeals or the Courts of Appeals" did not "undermine[] the presumption of innocence or vitiate[] the impartiality of the judge"). Gonzales's issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P.47.2(b)

Delivered and filed the
9th day of June, 2011.