NUMBER 13-10-00194-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                     
                             

 

MICHAEL ANGEL GONZALES,                           
Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                  


 

On appeal from the 24th
District Court

of Victoria County,
Texas.

                                     
                             

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                          Memorandum
Opinion by Justice Garza

 

            Appellant,
Michael Angel Gonzales, was convicted of aggravated robbery, a first-degree
felony, and was sentenced to twenty years’ imprisonment.  See Tex. Penal Code Ann. § 29.03 (West
2003).  By a single issue on appeal, Gonzales argues that the trial court erred
when it instructed the jury to “disregard any comments about participation of
any third party in this crime.”  We affirm.

I.  Background

            Trial
testimony established that, shortly after midnight on June 5, 2009, Gonzales
and an unidentified Hispanic male offered a ride in their vehicle to Jose Luz
Alvarez, a laborer employed in Victoria, Texas.  Gonzales and the unidentified
male stated that they would drive Alvarez to nearby Bloomington, Texas. 
Instead, they drove to a dark, secluded rural area where Gonzales, the driver,
announced that he needed to pull over to replace a flat tire.  Once the vehicle
was parked, Alvarez exited the vehicle to inspect the tire.  According to
Alvarez, Gonzales then struck him in the head with a tire iron and stole money
from him.  Gonzales and the unidentified male then got back in the vehicle and
drove off, leaving a battered and bloodied Alvarez by the side of the road.

            Alvarez
called 911 and was eventually picked up by a deputy from the Victoria County
Sheriff’s Office and taken to a hospital for treatment.  During the course of
the ensuing investigation, Alvarez was asked to identify his assailant in a
photo lineup that included a photo of Gonzales; Alvarez was unable to identify
Gonzales.  Alvarez acknowledged that he consumed a “good amount” of beer that
evening prior to being picked up by Gonzales and that, during and after the
assault, he had blood on his face and in his eyes, which prevented him from
seeing clearly.  However, he was able to identify Gonzales in the courtroom at
trial as the man who assaulted him that night.

            As
part of her closing argument, Gonzales’s counsel stated in part as follows:

[Defense
counsel]:     When [Alvarez] was on the 911 call you’ll hear, or you heard,
that he was able to give a description of where he was at.  He could see
clearly enough without his glasses out there to read Tennessee Gas Pipeline off
of a sign.  He read the street sign to the officer—or to the dispatcher.  I
believe he knows what happened out there.  He gave us a vivid description of
the struggle between the two—the man and him.  So why shouldn’t we rely on his
word when he tells us that he knows who his attacker is and he can identify his
attacker?  Why do we not believe that part of his story?  If we’re going to
believe everything else he says, why do we selectively pick out that part and
decide not to believe it?  Why don’t we believe that he knows his attacker, it
was the third party assailant in that vehicle with him and he saw him
face-to-face.

 

[Prosecutor]:                 I’m
going to object, Your Honor.  That was not the testimony at all.

 

THE COURT:               I
will sustain that objection—

 

[Prosecutor]:                 Thank
you, Your Honor.

 

THE COURT:               —and
I’m going to instruct the jury to disregard any comments about participation of
any third party in this crime.

 

Defense
counsel then continued her closing statement without objecting to the trial
court’s instruction.

            Gonzales
was subsequently convicted by the jury and sentenced to twenty years’
imprisonment.  This appeal followed.

II. 
Discussion

            Gonzales
contends the trial court violated article 38.05 of the Texas Code of Criminal
Procedure by instructing the jury to disregard defense counsel’s comments about
the unidentified passenger’s possible participation in the crime.  Gonzales
argues that, because Alvarez “had been less than confident or certain in his
in-court identification” of Gonzales at trial and in the photo lineup, and
because Alvarez “admitted to other factors tending to lessen his ability to
perceive and recall events (severe head trauma, excessive alcohol intake, lack
of corrective eyewear),” the trial court therefore “completely precluded
[Gonzales’s] defense” by making the challenged oral instruction.

The
statute provides that a trial judge may not, “at any stage of the proceeding
previous to the return of the verdict, make any remark calculated to convey to
the jury his opinion of the case.”  Tex.
Code Crim. Proc. Ann. art. 38.05 (West 1979); see Brown v. State,
122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (holding that a trial judge must
refrain from making any remark calculated to convey his opinion of the case
because jurors give special and peculiar weight to the language and conduct of
the trial judge).  To comply with this directive, a trial judge must limit his or
her comments from the bench and must maintain an attitude of impartiality
throughout the trial.  Strong v. State, 138 S.W.3d 546, 552 (Tex. App.–Corpus
Christi 2004, no pet.); Hoang v. State, 997 S.W.2d 678, 680 (Tex. App.–Texarkana
1999, no pet.).  A trial court improperly comments on the weight of the
evidence if it makes a statement that implies approval of the State’s argument,
indicates disbelief in the defendant’s position, or diminishes the credibility
of the defense’s approach to the case.  Simon v. State, 203 S.W.3d 581,
590 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

            Gonzales’s
trial counsel did not object to the trial court’s instruction.  The general
rule is that counsel must object to the trial court’s comments during trial in
order to preserve error.  See Tex.
R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000).  However, objection at trial is not necessary where the error
alleged is “fundamental”—that is, where it creates “egregious harm.”  Ganther
v. State, 187 S.W.3d 641, 650 (Tex. App.–Houston [14th Dist.] 2006, pet.
ref’d); see Tex. R. Evid.
103(d) (providing that, in the context of rulings on the admission of evidence,
appeals courts are authorized to take notice of “fundamental errors affecting
substantial rights” even if the alleged error was not brought to the attention
of the trial court).  Harm is egregious if it prevents a defendant from receiving
a fair and impartial trial.  Ganther, 187 S.W.3d at 650.  Fundamental
error of constitutional dimension may exist if a trial judge makes a comment
that taints the defendant’s presumption of innocence.  Blue, 41 S.W.3d at
132.

            Gonzales
argues that the trial court’s instruction “to disregard any comments about
participation of any third party in this crime” was equivalent to an
instruction “to disregard any argument that the backseat passenger (a Hispanic
male, like appellant) may have committed the crime.”  Considering the context
in which the trial court made the challenged comment, we disagree.  The remarks
were made after the trial court sustained the State’s objection to an
inaccurate summary of the evidence by defense counsel during her closing argument.[1] 
The trial court’s statement was clearly intended to advise the jury that it
must disregard only the misstatement previously made by defense counsel, not
that it must disregard all evidence that someone other than Gonzales
committed the crime.  There was nothing preventing Gonzales from arguing that
the State had failed to meet its burden of proof—and indeed, defense counsel
did argue, after the trial court made the challenged remarks, that “[t]here’s
reasonable doubt as to the identity of the person who assaulted Mr. Alvarez.”[2] 
Viewed in its proper context, the instruction at issue here neither tainted
Gonzales’s presumption of innocence or prevented him from receiving a fair
trial.

For
the foregoing reasons, we conclude that no fundamental error was committed
here; therefore, Gonzales has waived his issue by failing to object at trial.  See
Ganther, 187 S.W.3d at 650 (finding that judge’s comments regarding
appellant representing himself were not fundamental error); Gordon v. State,
191 S.W.3d 721, 726-27 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (concluding
that judge’s statements about how the defendant controls the system were not
fundamental error); Rabago v. State, 75 S.W.3d 561, 561-63 (Tex. App. –San
Antonio 2002, pet. ref’d) (finding that judge’s remarks regarding appellant’s
prior conviction were not fundamental error); see also Basey v. State, No.
14-10-00134-CR, 2011 Tex. App. LEXIS 1695, at *10-11 (Tex. App.–Houston [14th
Dist.] Mar. 10, 2011, no pet. h.) (mem. op., not designated for publication) (concluding
that judge’s comment during voir dire that the reporter’s trial record “is what
is appealed up to the
Court of Criminal Appeals or the Courts of Appeals” did not “undermine[] the presumption of
innocence or vitiate[] the impartiality of the judge”).  Gonzales’s issue is
overruled.

III. 
Conclusion

We
affirm the judgment of the trial court.

                                                                                    

                                                                                    DORI
CONTRERAS GARZA,

Justice

 

Do not publish.

Tex. R. App.
P.47.2(b)

 

Delivered and filed the

9th day of June, 2011. 

 









[1] The record reflects that the trial court was correct in sustaining
the State’s objection—Alvarez never testified that he
knew his assailant, that it was the “third party . . . in that vehicle with
him,” or that he saw his assailant “face-to-face.”

 





[2] It is noteworthy that the jury
charge in this case permitted the jury to find Gonzales guilty pursuant to the
law of parties, under which a person is criminally responsible for an offense
committed by the conduct of another person if, “acting with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids,
or attempts to aid the other person to commit the offense.”  Tex. Penal Code Ann. § 7.02(a)(2) (West 2003). 
If, as Gonzales implies, the oral instruction at issue forbade the jury from
considering any evidence presented throughout the trial as to Gonzales’s
unidentified passenger, then such an instruction would have aided Gonzales’s
defense in this regard, because the jury would not have been able to convict
based on the law of parties without considering the passenger’s conduct.  See
id.